**EL CID, LTD., Plaintiff,**

v.

**The NEW JERSEY ZINC COMPANY, Gulf & Western Industries, Inc., Gulf & Western International Holding Company, Gulf & Western (Canada) Limited, Watts, Griffis & Mc Quat, Limited, Camino Gold Mines Limited, Condor Mining, Inc., Richard W. Hogeland and David M. Koogler, Defendants.**

**No. 76 Civ. 1388 (WK).**

United States District Court, S.D. New York.

July 30, 1984.

Malcolm H. Bell, Norwalk, Conn., for plaintiff.

Kassel, Hoffman, Neuwirth & Geiger, by Joseph Einstein; Kimmelman, Sexter & Sobel by Arthur Sobel; Satterlee & Stephens by Henry J. Formon, Jr., New York City, for defendants.

## MEMORANDUM & ORDER

WHITMAN KNAPP, District Judge.

At the conclusion of our Opinion of December 15, 1983, 575 F.Supp. 1513, 1524, we observed:

> Dr. Rojas has asserted that it would be a question for a Bolivian court whether certain words constitute a threat. Tr. of September 12 at 167. We thus find ourselves in the position of a Bolivian judge confronted with the question of whether or not the particular statements allegedly made by defendants were sufficient to permit plaintiff to invoke the protection of Article 303. We are satisfied that no such judge would wish to decide that question on the meagre record before us, but would wish to hear evidence from which he could determine exactly what, if any, threats had actually been made. We therefore direct that such a hearing be had.

The purpose of such a hearing would, of course, be to determine whether plaintiff—on the basis of already completed discovery—could present facts sufficient to raise a jury question whether or not defendants had taken action which a Bolivian

court would recognize as constituting a threat under Article 303 and, if so, whether or not there was causal connection between such threat and plaintiff's inability to acquire the gold-mining concession it was seeking.

Since then, several things have occurred: Defendants made a motion for reargument contending that we had misapprehended Dr. Rojas' testimony, and that the conduct ascribed to them could not as a matter of law have risen to a violation of Article 303; plaintiff filed a memorandum which, among other things, set forth the evidence it contended created a jury question as to whether or not threats made by defendants against S.J. Groves and Sons ("Groves") caused Groves to abandon its intention to enter into a joint venture with plaintiff,[1] and responded to defendants' motion for reargument; and defendants filed a memorandum arguing that the evidence cited by plaintiff was insufficient to create a jury question even under our—erroneous according to them—view of Bolivian law.

We conclude that defendants' last mentioned contention is correct. It therefore becomes unnecessary for us to consider their motion for reargument.

After careful consideration of the facts set forth in plaintiff's memorandum—looking at them against the background of all other facts mentioned in the memorandum and taking no account of defendants' memorandum—we cannot conclude that the words and actions attributed to defendants are cumulatively sufficient to present a jury question under our understanding of Dr. Rojas' interpretation of Article 303. Stripped of the innuendo supplied by plaintiff, it only appears that defendants were very anxious to get the goldmining concession for themselves (which, of course,

meant that they wanted to prevent plaintiff from getting it); that they were prepared to engage in extensive litigation to achieve this purpose; that they did in fact institute a law suit, which Groves' attorney found "sufficiently [colorable] to tie up the property for a while" (Plaintiff's Memorandum, p. 23); and that defendants kept Groves advised of their intentions in this regard. As we observed in our December 15th Opinion, there is "no bright line as to what is and what is not a threat" under Article 303, 575 F.Supp. at 1523. However, we are satisfied that, wherever that line may be, plaintiff has not presented a jury question as to whether or not it has been crossed.

Defendants' memorandum also contends that any "threats" which might be established cannot have caused plaintiff's inability to consummate its proposed financing deal with Groves and its consequent inability to acquire the gold-mining concession, because Groves' decision not to invest was based on its own evaluation of investment possibilities, wholly unaffected by defendants' conduct (threatening or otherwise). In view of our foregoing conclusion, we need not pass on this contention.

In summary: Defendants' motion for summary judgment is granted; their motion for reargument is denied as moot.

Let the Clerk enter judgment dismissing the complaint.

SO ORDERED.

---

**1.** Plaintiff's memorandum contains 13 pages of history, a six-page section entitled "Threats Against Gaensel," a ten-page section entitled "Threats Against Groves," and a nine-page section entitled "Threats Against El Cid." We directed defendants to answer only the Groves section of plaintiff's memorandum. Any threats to El Cid (plaintiff) would be irrelevant because there never has been a claim that plaintiff was deterred by, or otherwise failed to achieve its objective because of, any of defendants' alleged threats. Similarly, any threats against Gaensel—the previous owner of the gold-mining concessions—would be irrelevant, since he concededly entered into a contract with plaintiff from which he was released solely because of plaintiff's inability to obtain financing from Groves.